IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN POPE, on behalf of herself and all others similarly situated,<br>    Plaintiff | Civil Action No.:<br><br>COMPLAINT – CLASS ACTION |
| v. | |
| SIMM ASSOCIATES, INC.<br>and JOHN DOES 1-25,<br>    Defendants | JURY TRIAL DEMANDED |

## COMPLAINT

### INTRODUCTION

1. Defendant, SIMM Associates, Inc. ("SIMM") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

2. SIMM is subject to strict liability for sending collection letters that exposed personal identifying information visibly on the envelopes placed in the mail.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. Plaintiff, Karen Pope ("Pope"), is a natural person who resides in Allegheny County, Pennsylvania.

6. Pope is a consumer as defined in the FDCPA.

7. SIMM is a business entity with offices at 800 Pencader Drive, Newark, DE 19702.

8.  SIMM acts as a debt collector as defined by § 1692a of the FDCPA because it regularly uses the mail and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

9.  John Does 1-25 are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## STATEMENT OF CLAIM

10. Pope allegedly incurred a Bank of America/FIA Card Services, N.A. debt that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) (the "Debt").

11. At some point after default, Cavalry SPV I, LLC ("Cavalry") allegedly acquired the Debt.

12. On or about December 3, 2014, SIMM mailed a collection letter to Pope in an attempt to collect the Debt for Cavalry (the "December 3 Letter"). A copy of the December 3 Letter, redacted for security purposes, is attached hereto as Exhibit A.

13. The December 3 Letter was a collection letter that was placed into the mail.

14. Visible through the window of the envelope of the December 3 Letter was a barcode which, when scanned, produced in a number ending in 4963.

15. The December 3 Letter identified the number ending in 4963 as being the account number for the Debt.

16. On at least one occasion, and maybe more, SIMM exposed Pope's account number on a letter it sent through the mail.

17. The account number constitutes personal identifying information.

...

18. The account number is not meaningless – it is a piece of information capable of identifying [the consumer] as a debtor, and its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address. <u>Douglass v. Convergent Outsourcing,</u> 765 F. 3d 299 (Third Cir. 2014).

19. The FDCPA prohibits the use of unfair or unconscionable means to collect or attempt to collect a debt, including the use of any language or symbol other than the debt collector's name and address on any envelope when communicating with a consumer by mail. 15 U.S.C. § 1692f(8).

20. SIMM's actions as described herein are part of a pattern and practice used to collect consumer debts.

21. SIMM could have taken the steps necessary to bring its actions within compliance of the FDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

22. On information and belief, SIMM sent collection letters in the form annexed hereto as Exhibit A to at least 50 natural persons in the Commonwealth of Pennsylvania within one year prior to the date of this Complaint.

**CLASS ACTION STATEMENT**

23. Plaintiff brings this action on behalf of herself and of a Class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

24. Plaintiff proposes to define the class as follows:

   a. All Pennsylvania consumers;

   b. Who were sent one or more collection letter(s) by SIMM;

   c. Attempting to collect a consumer debt allegedly owed to Cavalry that was originated by Bank of America/FIA Card Services, N.A;

    d.  Which contained a barcode visible through the window of the envelope which, when scanned, produced an account number;

    e.  During the one year prior to the filing date of this Complaint.

 25. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action.

 26. Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds or thousands of persons who had their account numbers exposed in the mail by Defendant.

 27. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated the FDCPA;

    b.  Whether Plaintiff and the Class have been injured by Defendant's conduct; and

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

 28. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

 29. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

 30. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced and competent attorneys to represent the Class.

31. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this Class Action.

32. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. The majority of Class members are probably unaware that the FDCPA, and their rights, have been violated. Absent a Class Action, Class members will continue to suffer losses of protected rights as well as monetary damages.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

33. SIMM violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt as described above.

34. SIMM violated 15 U.S.C. § 1692f(8) by using language or a symbol on any envelope when communicating with a consumer by mail as described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class Representative and Mark G. Moynihan, Esq. as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted,

Dated: <u>December 2, 2015</u>   By:   <u>/s/ Mark G. Moynihan</u>
Mark G. Moynihan, Esquire
Attorney for Plaintiff
PA 307622
112 Washington Place, Suite 1-N
Pittsburgh, PA 15219
Phone: (412) 889-8535
Fax: (800) 997-8192
Email: mark@moynihanlaw.net